[Civ. No. 10725. Second Appellate District, Division Two.—March 12, 1936.]

COUNTY OF LOS ANGELES, Appellant, v. CENTRAL SURETY AND INSURANCE CORPORATION (a Corporation) et al., Respondents.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Appellant.

Mathes & Sheppard, W. C. Mathes, Joseph S. Dubin and Richard L. North for Respondents.

McCOMB, J., *pro tem.*—This is an appeal on the judgment roll alone from a judgment in favor of defendants after a trial before a court without a jury.

The conceded facts are:

July 1, 1931, defendants, Patten and Menzing as principals and Central Surety and Insurance Corporation as surety, executed and delivered to the board of supervisors of Los Angeles County two surety bonds, one in the penal sum of $1200 and the other in the penal sum of $1100, in each of which they jointly and severally agreed to pay, or cause to be paid when due, all taxes which at the time of filing of two subdivision maps were liens against the land described in said maps or any part thereof.

Thereafter on August 8th and August 12th, respectively, the maps were duly filed and placed of record. At the time of filing the first map, city and county taxes for the fiscal year 1931–32 in the sum of $1,089.46 were a lien upon all of the real property described in said map, and on the date of filing the second map, city and county taxes for the fiscal year 1931–32 in the sum of $1,082.79 were a lien upon all of the real property described in the second map. The aforesaid taxes became delinquent and have never been paid. June 30, 1932, the tax collector of Los Angeles County sold both tracts of land to the state of California to cover the unpaid taxes for the fiscal year 1931–32. August 17, 1934, plaintiff commenced this action to recover the principal sum of the bonds which defendants had furnished to plaintiff.

Defendants rely for affirmance of the lower court's judgment on the following propositions:

*First: When real property has been sold to the state of California for delinquent taxes a county may not thereafter maintain an action on a bond executed and delivered pursuant to section 23 of Act 4578, commonly known as the Subdivision Map Act (vol. II, Deering's General Laws of California, 1931, page 2198).*

*Second: The 1933 amendment of section 3771 of the Political Code, which provides that no suits shall be brought against the owner of real property to recover taxes assessed against such property, precluded plaintiff from bringing a suit in August, 1934, to enforce the provisions of a bond delivered to it in accordance with the provisions of section 23 of Act 4578, supra.*

The first proposition is untenable as to the defendant Central Surety and Insurance Corporation. If taxes secured by a bond given pursuant to section 23 of the Subdivision Map Act are allowed to become delinquent, the county may recover from the surety the principal sum of the bond without proof of loss. (Sec. 24, Act 4578, vol. II, Deering's Gen. Laws of Cal. 1931, p. 2198.)

Neither is this proposition applicable to the defendants Patten and Menzing, because this action is not a suit to recover taxes, but is predicated upon an express contract and therefore the plaintiff county has the right to maintain a suit to recover for the breach of the defendants' express contractual obligation. (Sec. 4003, subd. 1, Pol. Code.)

The second postulate is unavailable to the defendants for the reason that section 3771 of the Political Code as amended in 1933 (Deering's 1933 Supplement, Codes, Laws and Constitutional Amendments, p. 505) prohibits only bringing of a suit against the owner or person in possession of real property to recover taxes, assessments, etc. The present action is not of such character. It is, as heretofore explained, one to recover for breach of an express contract to pay a sum of money, and is therefore not affected by the provisions of section 3771 of the Political Code.

The judgment is reversed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 11, 1936.